IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| GATKEK BOL, | ) | 8:10CV48 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FIRST DATA, Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on February 4, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 5.) The court now conducts an initial review of Plaintiff's claims to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

## I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint in this matter against his previous employer, First Data. (Filing No. 1 at CM/ECF pp. 1-2.) Condensed and summarized, Plaintiff sues Defendant for national origin discrimination under Title VII of the Civil Rights Act of 1964. (*Id.* at CM/ECF pp. 2-3.)

Plaintiff alleges that he was subjected to unfair treatment and harassment by his supervisor at First Data, Robert Nay ("Nay"). (*Id.* at CM/ECF p. 2.) As set forth in his charge of discrimination filed with the Nebraska Equal Opportunity Employment Commission ("NEOC"), which Plaintiff specifically incorporates into his Complaint, Plaintiff alleges that he was repeatedly "singled out" by Nay because he is Sudanese. (*Id.* at CM/ECF p. 8.) In particular, Nay refused to reassign him to a different department after he returned from having surgery, and refused to provide progressive training to Plaintiff because he is Sudanese. (*Id.*)  Further, Nay disciplined Plaintiff for low production despite the fact that Plaintiff was assigned to

a "faulty machine." Nay also refused to allow Plaintiff to sit and wait for a technician to repair his machine or allow Plaintiff to suspend his machine when it malfunctioned, but allowed other non-Sudanese employees to do so. (*Id.*) After Plaintiff received a requested transfer to "the warehouse," Nay transferred Plaintiff back to his previous position, citing an administrative reason. Plaintiff alleges that his work "performance was satisfactory," but that due to Nay's "harassment and adverse treatment," he resigned from his position at First Data on August 11, 2008. (*Id.* at CM/ECF pp. 8-9.) Plaintiff filed a charge of discrimination and received a right-to-sue letter from the Equal Opportunity Employment Commission ("EEOC") on January 25, 2010. (*Id.* at CM/ECF p. 7.)

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e)(2). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North*

2

*Dakota Dep't of Corr. & Rehab.*, 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

### III. DISCUSSION OF CLAIMS

Liberally construed, Plaintiff's claims are brought pursuant to Title VII of the Civil Rights Act. Title VII states that it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

In order to set forth a prima facie case of discrimination under Title VII, a plaintiff must allege that he 1) is a member of a protected class; 2) was meeting the legitimate expectations of his employer; 3) suffered an adverse employment action; and 4) that circumstances exist which give rise to an inference of discrimination. *See Wheeler v. Aventis Pharm.*, 360 F.3d 853, 857 (8th Cir. 2004). If a plaintiff establishes a prima facie case, then the burden shifts to the employer to produce evidence of a legitimate nondiscriminatory reason for its action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 509 (1993). If the employer succeeds in this burden of production, then the burden shifts back to the plaintiff to prove that the employer's proffered reason was a pretext for intentional discrimination. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 143 (2000). The ultimate burden of persuasion remains with the plaintiff throughout the case.

Additionally, prior to filing a suit in federal court under Title VII, a plaintiff is required to exhaust his administrative remedies by first seeking relief through the EEOC or the NEOC. The EEOC/NEOC will then investigate the charge and determine whether to file suit on behalf of the charging party or make a determination of no reasonable cause. If the EEOC/NEOC determines that there is no reasonable

cause, the agency will then issue the charging party a right-to-sue notice. 42 U.S.C.A. § 2000e-5(f)(1); *see also* *Hanenburg v. Principal Mut. Life Ins. Co.*, 118 F.3d 570 (8th Cir. 1997). The charging party has 90 days from the receipt of the right-to-sue notice to file a civil complaint based on his charge. 42 U.S.C.A. § 2000e-5(f)(1). The civil complaint may only encompass issues that are reasonably related to the substance of charges timely brought before the EEOC/NEOC. *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994).

Here, Plaintiff alleges that he is Sudanese and that his work performance was satisfactory. (Filing No. 1 at CM/ECF pp. 8-9.) Plaintiff further alleges that he suffered an adverse employment action when he was subjected to harassment by Nay, when he was not provided training, when he was treated differently from non-Sudanese employees with respect to his conditions of employment, and when he was transferred back to his old position after receiving a requested transfer. (*Id.*) The record also shows that Plaintiff exhausted his administrative remedies by presenting his claims to the NEOC/EEOC. (*Id.* at CM/ECF pp. 7-10.) These allegations are sufficient to nudge Plaintiff's Title VII claims across the line from conceivable to plausible. However, the court cautions Plaintiff that this is only a preliminary determination based on the allegations of the Complaint and is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

### IV. APPOINTMENT OF COUNSEL

In his Complaint, Plaintiff seeks the appointment of counsel. (Filing No. 1 at CM/ECF p. 5.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel . . . ." *Id.* (quotation and citation omitted). No such benefit is apparent here.

The request for the appointment of counsel is therefore denied without prejudice.

      IT IS THEREFORE ORDERED that:

1.      Plaintiff's claims against Defendant First Data may proceed and service is now warranted. Plaintiff's request for the appointment of counsel is denied.

2.      To obtain service of process on Defendants, Plaintiff must complete and return the summons forms which the Clerk of the court will provide. The Clerk of the court shall send ONE (1) summons form and ONE (1) USM-285 form to Plaintiff together with a copy of this Memorandum and Order. Plaintiff shall, as soon as possible, complete the forms and send the completed forms back to the Clerk of the court. In the absence of the forms, service of process cannot occur.

3.      Upon receipt of the completed forms, the Clerk of the court will sign the summons form, to be forwarded with a copy of the Complaint, to the U.S. Marshal for service of process. The Marshal shall serve the summons and Complaint without payment of costs or fees. Service may be by certified mail pursuant to Fed. R. Civ. P. 4 and Nebraska law in the discretion of the Marshal. The Clerk of the court will copy the Complaint, and Plaintiff does not need to do so.

4.      Fed. R. Civ. Pro. 4 requires service of a complaint on a defendant within 120 days of filing the complaint. However, because in this order Plaintiff is informed for the first time of these requirements, Plaintiff is granted, on the court's own motion, an extension of time until 120 days from the date of this order to complete service of process.

5.      Plaintiff is hereby notified that failure to obtain service of process on a defendant within 120 days of the date of this order may result in dismissal of this matter without further notice as to such defendant. A defendant has twenty (20) days

after receipt of the summons to answer or otherwise respond to a complaint.

6. The Clerk of the Court is directed to set a pro se case management deadline in this case with the following text: "**July 23, 2010:** Check for completion of service of summons."

7. The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this court. Plaintiff shall keep the court informed of his current address at all times while this case is pending. Failure to do so may result in dismissal.

DATED this 26th day of March, 2010.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.